UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER J. PEACHEY,<br><br>                              Plaintiff,<br><br>           -against-<br><br>SHERIFF MICHAEL SCHIFF, *et al.*,<br><br>                              Defendants. | 23-CV-6409 (LTS)<br><br>ORDER DIRECTING ORIGINAL SIGNATURES AND PAYMENT OF FEE OR PRISONER AUTHORIZATION |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in Cape Vincent Correctional Facility, brings this action *pro se*. For the reasons discussed below, within 30 days of the date of this order, Plaintiff must resubmit the signature pages of the complaint and *in forma pauperis* (IFP) application with original signatures, and either pay the $402.00 in filing fees that are required to file a civil action in this Court or submit a prisoner authorization.

A.     **Original Signatures**

Plaintiff submitted the complaint and IFP application without signatures. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

To cure the lack of signatures, Plaintiff is directed to resubmit the signature pages of the complaint and IFP application with original signatures to the Court within 30 days of the date of this order. Copies of the signature pages are attached to this order.

B.     **Filing Fee**

Further, to proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed IFP, that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the complaint without the filing fees or a completed prisoner authorization. Within 30 days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached prisoner authorization form. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 23-CV-6409. (LTS).[2]

## CONCLUSION

Within 30 days of the date of this order, Plaintiff must resubmit the signature pages of the complaint and IFP application with original signatures, and either pay the $402.00 in fees or

---

[1] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] Plaintiff is cautioned that if a prisoner files an action or appeal that is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new action.

submit a signed prisoner authorization. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 25, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge