UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER J. PEACHEY,

                Plaintiff,

-against-

SGT. ZAYAZ, CORPORAL NOBLE, and
GIANPAOLA SANTINI,

                Defendants.

**OPINION & ORDER**

23-CV-06409 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Christopher J. Peachey ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, commenced this action on July 24, 2023. (Doc. 1). Plaintiff, in his original complaint, named as defendants Sgt. Zayaz, Cpl. Noble, and a Jane Doe, who Plaintiff referred to as "Ms. G."[1] On September 8, 2023, Defendants filed a letter identifying "Ms. G" as Nurse Gianpaola Santini and informing the Court that Ms. Santini passed away in 2022. (Doc. 14). On September 28, 2023, Plaintiff filed an amended complaint with Defendants' consent. (Doc. 26, "Am. Compl."; Doc. 19 (Defendants' consent letter)). Plaintiff, in the Amended Complaint, brings a claim for relief against Sgt. Zayaz, Cpl. Noble, and Ms. Santini ("Defendants") under 42 U.S.C. § 1983 predicated upon violations of his Constitutional rights. Despite Defendants' representation that Ms. Santini is deceased, Plaintiff maintained his claim against her unless Defendants provide "proof of death" (Doc. 30), which Defendants did not provide.

---

[1] Plaintiff also named Sheriff Michael Schiff as a defendant in the original complaint. On August 15, 2023, the Court, *sua sponte*, dismissed Sheriff Schiff as a defendant under 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint failed to allege Mr. Schiff's personal involvement in the alleged constitutional violation. (Doc. 8 at 2).

Defendants filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on April 4, 2024. (Doc. 44; Doc. 44-1, "Def. Br."). Plaintiff did not file any opposition to the motion.[2]

For the reasons set forth below, Defendants' unopposed motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff, in July 2021, informed Defendant Santini, a nurse at the Sullivan County Correctional Facility ("Sullivan County"), that he was "experiencing sever[e] pain on [his] left elbow," which was "very swollen" and had "spread throughout [his] arm." (Am. Compl. at 2-3).[3] Defendant Santini did not treat Plaintiff's elbow, instead referring Plaintiff to a facility doctor. (*Id.* at 3). Plaintiff did not see the doctor for four days. (*Id.*). Plaintiff, prior to seeing the doctor, informed Defendants Zayaz and Noble, correctional officers at Sullivan County, about the pain in his elbow and requested to be taken to the emergency room of an outside hospital. (*Id.*). Plaintiff alleges, at that time, he suffered from "severe pain, [a] headache, [a] fever," and "body ac[hes]." (*Id.*). They denied his request after speaking with Defendant Santini. (*Id.*).

Plaintiff, four days after speaking with Defendant Santini, was treated at an outside hospital for his elbow pain where he was prescribed antibiotics. (*Id.*). Plaintiff alleges that the antibiotics

---

[2] Plaintiff's opposition was due on May 6, 2024. (Doc. 43). The docket indicates that a copy of the Court's Order setting the briefing schedule was mailed to Plaintiff on March 12, 2024. (*See* March 12, 2024 Entry). On April 4, 2024, Defendants attached as an exhibit to their motion to dismiss an affidavit of service indicating service of the motion papers on Plaintiff. (Doc. 44-2). Plaintiff did not file opposition papers. On May 10, 2024, the Court *sua sponte* extended Plaintiff's time to oppose the motion to June 6, 2024, warned Plaintiff no further extensions would be granted, and cautioned that if Plaintiff failed to file opposition by June 6, 2024, the motion would be deemed fully submitted and unopposed. (Doc. 45). The docket indicates that a copy of the Court's May 10, 2024 Order was mailed to Plaintiff. (*See* May 13, 2024 Entry). Thus, as is clear from the docket, Plaintiff was sent Defendants' moving papers as well as an additional document notifying him that Defendants had moved to dismiss the Amended Complaint. Accordingly, the Court deems the motion fully submitted.

[3] Citations to specific pages of the Amended Complaint and other filings on the docket correspond to the pagination generated by ECF.

were ineffective, and he later received surgery by a specialist to prevent damage to "vital lig[a]ments in [his] elbow." (*Id.* at 3-4). Plaintiff further alleges that he is still "experiencing sharp pain" in his elbow because of the "neglect" by Sullivan County's staff. (*Id.* at 4).

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[4] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[*p*]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, when deciding an unopposed motion to dismiss, as is the case here, "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test the sufficiency of the claim challenged on this motion even without the benefit of formal opposition to the motion.

## **ANALYSIS**

Liberally construed, Plaintiff's Amended Complaint alleges a claim for deliberate indifference to serious medical needs against all Defendants. While the motion is made on behalf of all Defendants, the motion papers refer to "Ms. G" rather than Defendant Santini. (Docs. 44; 44-1). Moreover, there is no indication on the docket sheet that Defendants Zayaz or Santini were served with process. Nevertheless, the Court considers the viability of the federal claim for relief against Defendants Zayaz and Santini *sua sponte* by operation of 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Jones v. Westchester Cnty.*, No. 20-CV-08542, 2022 WL 1406591, at *1 n.2 (S.D.N.Y. May 4, 2022) (citing *Williams v. Novoa*, No. 19-CV-11545, 2022 WL 161479, at *10-12 (S.D.N.Y. Jan. 18, 2022)).[5]

---

[5] Defendants Zavaz and Santini have also waived any defense based on insufficient service of process by not raising it in the pending Rule 12 motion. *See Hooks v. City of New York*, No. 21-CV-10771, 2022 WL 16964010, at *2 n.4 (S.D.N.Y. Nov. 16, 2022) (citing *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092,

Plaintiff alleges that he "was a pre tr[ia]l detainee" during the alleged constitutional violations. (Am. Compl. at 2). As such, although both parties appear to proceed under the belief that Plaintiff's claim for deliberate indifference is analyzed under the Eighth Amendment, the Court "construe[s] it as a Fourteenth Amendment claim because the events at issue involved pretrial detention." *Callwood v. Meyer*, No. 20-2091-CV, 2022 WL 1642558, at *2 n.1 (2d Cir. May 24, 2022); *see also Brooks v. Westchester Cnty. Jail*, No. 19-CV-10901, 2021 WL 3292229, *5-6 (S.D.N.Y. Aug. 2, 2021) (analyzing the plaintiff's claim under the Fourteenth Amendment despite both parties advancing arguments under the Eighth Amendment); *Standish v. Vill. of Albion, New York*, No. 17-CV-00980, 2019 WL 4418868, at *7 (W.D.N.Y. Aug. 22, 2019) (same for where "[b]oth parties cite[d] to the Eighth Amendment deliberate indifference standard"), *adopted by*, 2019 WL 4415243 (W.D.N.Y. Sept. 16, 2019); *Blanch v. Schiff*, No. 18-CV-00838, 2021 WL 1177743, at *9 n.4 (S.D.N.Y. Mar. 26, 2021) (same on a motion to dismiss where defendants "assume[d] that the Eighth Amendment applies").

"To establish a claim for deliberate indifference to medical needs under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee must establish two elements: first, that the deprivation of medical care was sufficiently serious, and second, that the defendant "acted or failed to act with a sufficiently culpable state of mind." *Dumel v. Westchester Cnty.*, 656 F. Supp. 3d 454, 463–64 (S.D.N.Y. 2023) (cleaned up; collecting cases). "The first element 'is evaluated the same way under both the Eighth Amendment and Fourteenth Amendment.'" *Id.* (quoting *Ackridge v. Aramark Corr. Food Servs.*, No. 16-CV-06301, 2018 WL 1626175, at *19 n.19 (S.D.N.Y. Mar. 30, 2018)). The objective component requires that the alleged deprivation in medical care be "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). A

---

1095 (2d Cir. 1990)).

deprivation in medical care is sufficiently serious if (1) "the prisoner was actually deprived of adequate medical care" and (2) "the inadequacy in medical care is sufficiently serious." *Id.* at 279-80. The latter inquiry "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see also Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain"). When medical treatment was provided, but a complaint alleges that treatment was delayed or inadequate, the relevant concern is the "particular risk of harm faced by a prisoner due to the challenged deprivation of care." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003).

The second prong of the deliberate indifference test under the Fourteenth Amendment "applies differently [from] claims under the Eighth Amendment." *Dumel*, 656 F. Supp. 3d at 465 (quoting *Howard v. Brown*, No. 15-CV-09930, 2018 WL 3611986, at *4 (S.D.N.Y. July 26, 2018)). Under the Fourteenth Amendment standard, a detainee asserting a "claim for deliberate indifference to his medical needs can allege either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (emphasis in the original; quoting *Charles*, 925 F.3d at 87).

Defendants argue that Plaintiff failed to meet the subjective prong. Defendants argue, in particular, that Plaintiff failed to allege sufficient facts for the Court to infer that any of the Defendants had the requisite state of mind. (Def. Br. at 4-5). The Court agrees. Plaintiff alleges that he informed Defendant Santini that he had "pain" in his swollen elbow that had spread to his

7

arm; and that he suffered from "severe pain, [a] headache, [a] fever," and "body ac[hes]" while speaking with Defendants Zayaz and Noble. (Am. Compl. at 3-4). These allegations are insufficient to allow the Court to infer that any Defendant "conscious[ly] disregard[ed] [] a substantial risk of serious harm." *Darby*, 14 F.4th at 128. More specifically, Plaintiff fails to allege sufficient facts for the Court to infer that Defendant Santini knew or should have known that Plaintiff needed instantaneous care or that Defendants Zayaz and Noble knew or should have known that Plaintiff faced a substantial risk to his health if he was not taken immediately to an outside hospital. *See Cruz v. Naqvi*, No. 22-CV-00347, 2022 WL 2440399, at *9 (D. Conn. July 5, 2022) (dismissing the plaintiff's deliberate indifference claim and noting that the plaintiff's allegations that the defendant nurse "delay[ed] [] treatment" failed to meet the subjective prong).

Indeed, given that Defendant Santini—whom Defendants Zayaz and Noble consulted before rejecting Plaintiff's request to be taken to the emergency room—referred Plaintiff to a doctor who Plaintiff saw four days later (Am. Compl. at 3), Plaintiff appears to challenge her medical judgment. To that end, Plaintiff alleges that Defendant Santini should have treated his condition "then." (*Id.*). But a "difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) ("[P]rison officials and medical officers have wide discretion in treating prisoners, and Section 1983 is not designed to permit federal courts to interfere in the ordinary medical practices of state prisons."); *see also London v. Dzurenda*, No. 20-CV-01991, 2022 WL 3139104, at *8 (E.D.N.Y. Aug. 5, 2022) (dismissing the plaintiff's deliberate indifference claim and explaining that a prisoner's disagreement over the level of care he received is insufficient to state a deliberate indifference claim).

Accordingly, Plaintiff's Fourteenth Amendment claim is dismissed.[6]

## CONCLUSION

For the foregoing reasons, Defendants' unopposed motion to dismiss is GRANTED.

Because Plaintiff may be able to allege additional facts to state a valid claim of deliberate indifference to serious medical needs, the Court grants Plaintiff 30 days' leave to amend the Amended Complaint to detail his claims. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this Order, caption the document as a "Second Amended Complaint," and label the document with docket number 23-CV-06409 (PMH). If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action with prejudice.

The Clerk of Court is respectfully requested to: (1) terminate the pending motion (Doc. 44); and (2) mail a copy of this Opinion and Order to Plaintiff.

SO ORDERED.

Dated:  White Plains, New York
        December 2, 2024

PHILIP M. HALPERN
United States District Judge

---

[6] The Court need not and does not reach Defendants' arguments regarding the objective prong of the deliberate indifference analysis and whether Plaintiff alleged personal involvement by each Defendant. (Def. Br. at 2-4). Given the Court's determination herein, the Court also does not reach whether Plaintiff's claim against Defendant Santini should be dismissed for failure to substitute. Fed. R. Civ. P. 25(a)(1) (an "action by or against the decedent must be dismissed" if a "motion is not made within 90 days after service of a statement noting the death" substituting a deceased party); *see Ford Motor Credit Co. v. Meehan*, No. 05-CV-04807, 2021 WL 7906560, at *1 (E.D.N.Y. Nov. 2, 2021) (dismissing *sua sponte* an action for failure to comply with Rule 25(a)(1)), *adopted by*, 2022 WL 1062320 (E.D.N.Y. Apr. 8, 2022).